UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| ANTHONY KNOX<br>    LA. DOC #495953<br>VS. | CIVIL ACTION NO. 09-2173<br><br>SECTION P<br><br>JUDGE MINALDI |
| WARDEN, ELAYN HUNT CORRECTIONAL<br>CENTER | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Anthony Knox filed the instant petition for writ of *habeas corpus* (28 U.S.C. §2254) on December 23, 2009. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Elayn Hunt Correctional Center, Saint Gabriel, Louisiana. Petitioner attacks his 2005 conviction for manslaughter in the Thirtieth Judicial District Court, Vernon Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Background*

On August 1, 1997, petitioner's wife died as a result of a gunshot wound inflicted by petitioner. Thereafter, petitioner claims that his attorney moved the case into "not ready for processing" via a plea of insanity. It is unclear where petitioner was housed from 1997 through 2000. Petitioner states that he was assigned to W. Feliciana Forensic Facility for evaluation in

January 2000 and was reassigned to Vernon Parish Sheriff's office in May 2004 to stand trial on manslaughter.

Petitioner pled guilty to a charge of manslaughter on April 4, 2005. On May 20, 2005, he was sentenced to serve forty years in Federal prison. He did not appeal his conviction or sentence, nor did he seek post-conviction relief in the Louisiana courts. Instead, petitioner filed the instant petition claiming actual innocence and use of an unlawfully induced guilty plea.

*Law and Analysis*

1. *Timeliness under §2244(d)(1)(A)*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(b)(3)(A) (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 1999); *In re Smith,* 142 F.3d 832, 834 (5th Cir. 1998). At issue here, 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of an application for writ of *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. §2244(d)(1)(A).[1]

---

[1] Nothing of record suggests that the limitations period should be extended as provided by 28 U.S.C. §2244(d)(1)(B), (C), or (D) because petitioner has not alleged the presence of state created impediments to filing, a newly recognized Constitutional right, or the recent discovery of the facts his petition is premised upon.

The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in State court "shall not be counted toward any period of limitation under" the statute.  *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998).  However, any lapse of time before the proper filing of an application for post-conviction relief in State court is counted against the one-year limitation period. *Villegas,* 184 F.3d at 472 (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998)).  Federal courts may raise the one-year time limitation *sua sponte*.  *Kiser v. Johnson,* 163 F.3d 326, 329 (5th Cir. 1999).

Here, petitioner did not appeal his conviction and sentence.[2]  For AEDPA purposes, petitioner's judgment of conviction and sentence became final by "the expiration of the time for seeking such review," when the delays for seeking direct review lapsed.  28 U.S.C. § 2244(d)(1)(A) (emphasis added).  Petitioner was sentenced on May 20, 2005.  Under the provisions of La. Code Crim. Proc. Ann. Art 914, petitioner had a period of thirty days, until June 22, 2005, within which to file a Motion for Appeal.[3]  Under 28 U.S.C. § 2244(d)(1) he had one year from that date, or until June 22, 2006, to file his federal *habeas* petition.

Petitioner cannot rely upon the tolling provisions of §2244(d)(2) because he did not file an Application for Post-Conviction Relief.  More than one year elapsed between June 22, 2006, the date his judgment of conviction and sentence became final, and December 23, 2009, the date he

---

[2] On January 23, 2006, petitioner filed a motion to have his sentence reduced.  The motion was denied on February 3, 2006.  This filing does not suffice as an Application for Post-Conviction Relief for tolling purposes.  *See Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291, 1297 (11th Cir. 2008); *Hartmann v. Carroll*, 492 F.3d 478, 483-84 (3d Cir. 2007); *Walkowiak v. Haines*, 272 F.3d 234, 239 (4th Cir. 2001).  Even if it did, the motion was only pending for approximately two weeks.  In this case, such would not change the fact that petitioner's claims are time-barred.

[3] *See* La. Code. Crim. Proc. Ann. art. 914(b)(1) ("The motion for an appeal must be made no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken.").

filed the instant petition. Petitioner's *habeas* is time-barred under the provisions of 28 U.S.C. §2244(d)(1)(A).

*2.     Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). *See also Felder v. Johnson*, 204 F.3d 168, 174 (5th Cir. 2000) ("Equitable tolling is appropriate when an extraordinary factor beyond the plaintiff's control prevents his filing on time.").

As recently articulated by the Supreme Court, "[t]o be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Nothing of record supports equitable tolling of the statute of limitations in the instant case.[4]

---

[4] In the event that petitioner claims that he is entitled to equitable tolling (which he has not) due to mental impairment, the court notes that such argument does not save petitioner's petition from being time-barred. Petitioner was apparently found competent to stand trial in 2004. He plead guilty in 2005 and filed a motion for sentence reduction in 2006. Thus, his mental condition did not affect his ability to file pleadings in the State court action. It follows that he was not mentally incapacitated to the extent that he could not assert his legal rights and file his motion for habeas corpus relief within the relevant time period.

*3.     Actual Innocence*

Petitioner claims that he is entitled to *habeas* relief because he is actually innocent. In support of this claim, he states that the death of his wife was staged by members of a group that he refers to as Tower People, among others. Petitioner states that his wife is actually still alive and that he has personally seen her walking around.

Petitioner's claim of actual innocence, via his self-serving and conclusory assertion that he did not actually kill his wife, is insufficient to warrant either statutory or equitable tolling of the AEDPA's limitation period. The one-year limitations period established by 28 U.S.C. § 2244(d) contains no exemption for a petitioner claiming actual innocence of the crimes for which they have been convicted. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002), *cert. denied*, 539 U.S. 918 (2003).

Further, a claim of actual innocence does not constitute a "rare and exceptional circumstance" so as to justify the application of equitable tolling to overcome the time bar of § 2244(d). *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000).

Finally, to establish "actual innocence" in this context, petitioner must "support his allegations with new, reliable evidence that was not presented at trial and must show that it was 'more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Petitioner has not established actual innocence because he has produced no new and reliable evidence sufficient to refute the validity of his April 4, 2005 guilty plea.

*Conclusion and Recommendation*

Therefore,

5

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.   A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.   1996).**

In Chambers, Lake Charles, Louisiana August 24th, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE